UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ALBERTO MIRANDA GUEVARA,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, Department of Homeland Security, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-02690-RBM-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Ronald Alberto Miranda Guevara's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a noncitizen who entered the United States in or about 2015 without being admitted or paroled.  (*Id.* ¶¶ 28–31.)  He has resided here continuously since then and has a United States citizen daughter.  (*Id.* ¶ 31.)  Petitioner was subsequently arrested by ICE, charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), and transferred to Otay Mesa Detention Center, where he remains to this day.  (*Id.* ¶¶ 28–30.)  Petitioner is not eligible for a bond hearing because the immigration judges lack jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.* ¶ 2.)  Petitioner's next hearing in immigration court for his removal case is scheduled for June 4, 2026.  (*Id.* ¶ 33.)

On April 27, 2026, Petitioner filed his Petition.  (Doc. 1.)  The Court set a briefing schedule shortly thereafter.  (Doc. 2.)  On April 7, 2026, Respondents filed their Return to Petition for a Writ of Habeas Corpus.  (Doc. 4.)  Petitioner was authorized to file a reply on or before May 12, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 34–40.)  He seeks immediate release or a prompt § 1226(a) bond hearing.  (*Id.*, Prayer for Relief.)  Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that this Court's prior decisions will control the result here . . . , as the facts are not materially distinguishable . . . , and on that basis [do] not oppose the petition and defer[ ] to the Court on the appropriate relief."  (Doc. 4 at 2–3.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],'

who has been residing in the United States" for many years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained after having resided in the United States for over 10 years. (Doc. 1 ¶¶ 28–31.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.   **CONCLUSION**

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would

3:26-cv-02690-RBM-AHG

community or a risk of flight.[2]

**IT IS SO ORDERED.**

DATE:  May 14, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[2]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

4